```
IN THE UNITED STATES DISTRICT COURT FOR THE
          WESTERN DISTRICT OF MISSOURI
               ST. JOSEPH DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 13-06010-02-CR-SJ-FJG |
| TERRANCE PRESZLER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On February 13, 2014, I held a change-of-plea hearing after this case was referred to me by United States District Judge Fernando Gaitan, Jr. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I.   BACKGROUND

On January 28, 2014, a superseding indictment was returned charging defendant with one count of filing a false tax return, in violation of 26 U.S.C. § 7206.

Judge Gaitan referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. On February 13, 2014, defendant appeared before me with his counsel, John Lynch. The government was represented by Assistant United States Attorney Jess Michaelsen. The proceedings were recorded and a transcript of the hearing was filed on February 14, 2014.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the

2

availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

    The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

## III. FINDINGS OF FACT

1. On January 28, 2014, a superseding indictment was returned charging defendant with one count of filing a false tax return, in violation of 26 U.S.C. § 7206. Defendant understood the charges in the information (Tr. at 38).

2. The statutory penalty for filing a false tax return is not more than 3 years imprisonment, not more than $100,000 fine, not more than 1 year of supervised release, and a $100 mandatory special assessment. In addition, defendant faces the possibility of restitution and forfeiture (Tr. at 38). Defendant understood the statutory penalty (Tr. at 38).

3. Defendant was advised of and understood the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 39);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 39);

      c.    That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 39);

      d.    That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 40);

      e.    That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 40);

      f.    That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 40); and

      g.    That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 41).

4.    Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 41).

5.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 41). Defendant was further informed that he must answer questions truthfully while under

oath (Tr. at 41-42). Defendant stated that he understood (Tr. at 42).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 42).

7. The government made the following factual basis for the crimes to which defendant intends to plead guilty:

> In approximately June of 2012, when the fraudulent embezzlement scheme by defendant's wife came to light, Ms. Preszler was interviewed at her residence by Special Agent Kurt Lipanovich with the FBI, at which time Ms. Preszler admitted her crimes and admitted her embezzlement of a substantial amount of money. That all occurred in front of defendant at that time. And additionally, around that same time in June of 2012, the victims in that case fired Ms. Preszler from her job and also instituted a civil lawsuit against both the Preszlers and their various family members for the amount of -- to recover the amount of money that has been stolen and taken from them. That occurred in June of 2012. Then the income tax return in support of the count under count 21 in this case was actually filed by the Preszlers in February of 2013 for their 2012 return at which time they reported the adjusted gross income of $46,863, and actually reported and requested a refund in the amount of $3,132. At that time, all full well and knowing that the embezzlement had occurred for that 2012 and that none of that income was reported on the 2012 tax return.

(Tr. at 43).

8. Defendant was placed under oath (Tr. at 44) and admitted the following: For the tax year 2012, defendant, a resident of the Western District of Missouri, filed his joint 1040 federal income tax return which was verified by written

6

declaration that it was made under the penalty of perjury and was filed with the Director of IRS at the center in Kansas City, Missouri; he submitted that report to the IRS reflecting $46,863 in income when he knew that was incorrect and that his joint income included a substantial amount of embezzled funds; he did this knowingly and intentionally (Tr. at 24-25, 44-45).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 45-46). In addition, I went over the entire plea agreement with defendant during the change-of-plea hearing (Tr. at 46-49).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 49).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Lynch (Tr. at 49). There is nothing he has done that defendant did not want him to do (Tr. at 49). There is nothing he has failed to do that defendant wanted him to do (Tr. at 49).

12. Defendant is 63 years of age (Tr. at 49). He has a high school education (Tr. at 49-50). Defendant has no mental health or substance abuse issues (Tr. at 50). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 50).

13. Defendant tendered a plea of guilty to count 21 of the superseding indictment (Tr. at 50-51).

## IV. ELEMENTS OF THE CHARGED OFFENSE

The essential elements of filing a false tax return are: (1) defendant did make and subscribe United States Joint Income Tax Returns which were incorrect as to a material matter, (2) the United States Joint Income Tax Returns subscribed to by the defendant contained a written declaration that they were made under the penalty of perjury, (3) defendant did not believe the returns to be true and correct as to every material matter, and (4) defendant falsely subscribed to the returns wilfully with the specific intent to violate the law. United States v. Brooksby, 668 F.2d 1102 (9th Cir. 1982); Eighth Circuit Model Criminal Jury Instruction 6.26.7206.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in count 21 of the superseding indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order

accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in count 21 of the superseding indictment.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
February 14, 2014